# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **VICTORIA M. VAN KANEGAN** ) | |
| 7883 Farmdale North Road ) | CASE NO. 4:18-cv-00327 |
| Farmdale, Ohio 44417 ) | |
| ) | JUDGE BENITA Y. PEARSON |
| and ) | |
| ) | |
| **STEVEN VAN KANEGAN** ) | |
| 7883 Farmdale North Road ) | **FIRST AMENDED COMPLAINT** |
| Farmdale, Ohio 44417 ) | |
| ) | **(OTHER TORTS)** |
| Plaintiffs, ) | |
| ) | **JURY DEMAND ENDORSED HEREON** |
| v. ) | |
| ) | **INSTRUCTIONS FOR SERVICE** |
| **HPL CARRIERS, INC. a/k/a HPL** ) | |
| **CARRIERS** ) | |
| c/o Hector Adrian Perez Lopez, Stat. Agent ) | |
| 2010 Placita Drive ) | |
| Laredo, Texas 78045-6389 ) | |
| ) | |
| and ) | |
| ) | |
| **UTILITY TRAILER SALES SOUTHEAST** ) | |
| **TEXAS, INC.** ) | |
| c/o Jon E. Loring, State. Agent ) | |
| P.O. Box 24399 ) | |
| Houston, Texas 77229-4399 ) | |
| ) | |
| and ) | |
| ) | |
| **JOHN/JANE DOES NOS. 1-10** ) | |
| True Names and Addresses Unknown ) | |
| ) | |
| and ) | |
| ) | |
| **JUAN CRUZ VALDEZ** ) | |
| 11654 North Stinson Lp ) | |
| Hayden, Idaho 83835 ) | |

|                    |   |
|--------------------|---|
|                    | ) |
| Defendants.        | ) |
|                    | ) |

Now come the Plaintiffs, Victoria and Steven Van Kanegan, by and through undersigned counsel, and state as their First Amended Complaint against the Defendants the following:

**PARTIES**

1.      Plaintiff, Victoria M. Van Kanegan, is an individual who, at all times relevant to this Complaint, resided in the County of Trumbull, State of Ohio.

2.      Plaintiff, Steven Van Kanegan, is the spouse of Victoria M. Van Kanegan, and is an individual who, at all times relevant to this Complaint, resided in the County of Trumbull, State of Ohio.

3.      Defendant, HPL Carriers, Inc. a/k/a HPL Carriers (Hereinafter referred to as "HPL"), is a Texas corporations, with a principal place of business located at 2010 Placita Drive, Laredo, Texas 78045, and at all times relevant to this Complaint, transacted business in the County of Trumbull, State of Ohio.

4.      Defendant, Utility Trailer Sales Southeast Texas, Inc. (Hereinafter referred to as "Utility Trailer"), is a Texas corporation, with a principal place of business located at 1411 Wallisville Road, Houston, Texas, 77013, and at all times relevant to this Complaint, transacted business in the County of Trumbull, State of Ohio.

5.      Defendant, Juan Cruz Valdez, is an individual who, at all times relevant to this Complaint, resided in the County of Kootenai, State of Idaho and was acting within the scope and course of his employment and/or agency with Defendants HPL and/or Utility Trailer.

6.      Plaintiffs are informed and believe and there on allege that the fictitiously-named Defendants sued as John/Jane Does Nos. 1-10 (Herein referred to as "John/Jane Doe 1-10") are

2

persons, partnerships or corporations whose identity could not be readily ascertained despite the exercise of due diligence, but whose conduct contributed to the injury of Plaintiffs. The Plaintiffs will amend or supplement this Complaint to allege the true names and capacities of such fictitiously-named Defendants when the same have been ascertained.

## JURISDICTION AND VENUE

7. This is an action for damages that exceeds the sum of SEVENTY-FIVE THOUSAND ($75,000) DOLLARS and this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as complete diversity exists between the parties.

8. This action arises from injuries sustained by the Plaintiff, Victoria M. Van Kanegan, when she was involved in an automobile accident by a vehicle driven by Defendant, Juan Cruz Valdez, which was owned, leased and/or operated by Defendants, HPL and Utility Trailer, at the intersection of State Route 88 and State Route 534 in Farmington Township, County of Trumbull, State of Ohio.

9. Venue in proper in this District pursuant to 28 U.S.C. § 1391 in that the events or omissions giving rise to these claims occurred in this District, and Plaintiffs' damages accrued in the Northern District of Ohio, Eastern Division.

10. Upon information and belief, at all relevant times, all Defendants were present and transacted, solicited and conducted business in the Northern District of Ohio, through its employees, agents, and/or servants, and derived substantial revenue from such business in the District.

11. All Defendants are conclusively presumed to have been doing business in this State and are subject to Ohio long arm jurisdiction.

12. At all times relevant, Defendants expected, or should have expected, that their acts and omissions would have consequence within the State of Ohio, including within the Northern District.

## FACTUAL ALLEGATIONS

13. On or about February 12, 2016, Plaintiff, Victoria M. Van Kanegan, was operating a motor vehicle westbound on State Route 88 in Farmington Township, Trumbull County, State of Ohio.

14. At the same time and place, Defendant, Juan Cruz Valdez, was operating a 2005 Frieghtliner, Columbia 120, US DOT Number 2571718 (Hereinafter referred to as "semi-truck") southbound on State Route 534 in Farmington Township, Trumbull County, State of Ohio.

15. The semi-truck, operated by Defendant, Juan Cruz Valdez, was owned, leased and operated by Defendant HPL.

16. The semi-truck, operated by Defendant, Juan Cruz Valdez, was hauling a 2007 Utility box trailer, VIN 1UYVS25977P962412 (Hereinafter referred to as "trailer"), which was owned, leased and operated by Defendant, Utility Trailer.

17. At the time Defendant, Juan Cruz Valdez, was operating the semi-truck and trailer, he was acting in his scope and course of work as an agent, employee, servant or contractor for Defendants HPL and/or Utility Trailer.

18. As Plaintiff, Victoria M. Van Kanegan, traveled westbound on State Route 88, her vehicle came to a stop at the intersection of State Route 88 and State Route 534.

19. As Plaintiff, Victoria M. Van Kanegan, proceeded through the stop sign at the aforementioned intersection, Defendant, Juan Cruz Valdez, failed to stop the semi-truck and

trailer he was operating at the posted stop sign and struck the vehicle operated by Plaintiff, Victoria M. Van Kanegan.

20. The Ohio State Highway Patrol reported to the scene to investigate the crash.

21. The investigation by the Ohio State Highway Patrol concluded that Defendant, Juan Cruz Valdez, failed to yield, violated Ohio Revised Code Section 4511.15 and was issued a citation for said violation.

22. As a result of the accident, Plaintiff, Victoria M. Van Kanegan, suffered personal injuries, incurred medical expenses, were required to seek medical care, suffered great pain of mind and body, incurred financial obligations, wage loss, as well as other injury, damage and loss, all of which will continue into the future.

**FIRST CLAIM**
**(Vicarious Liability of HPL Carriers, Inc.)**

23. Plaintiffs restate and reallege each and every allegation contained above as if expressly rewritten herein.

24. Defendant, Juan Cruz Valdez, had a duty to operate his semi-truck in a safe and reasonable manner, and failed to yield the right-of-way to Plaintiff, Victoria M. Van Kanegan.

25. Defendant, Juan Cruz Valdez, failed in the above-mentioned duties and was therefore negligent in the operation of the semi-truck when he failed to yield at a stop sign and crashed into the vehicle operated by Plaintiff, Victoria M. Van Kanegan.

26. Defendant, Juan Cruz Valdez, was the employee, agent, servant or contractor for Defendant, HPL. Accordingly, Defendant, HPL, are vicariously liable for the negligent acts of Defendant, Juan Cruz Valdez.

27. As a direct and proximate result of Defendant, Juan Cruz Valdez's's negligence while he was acting in his scope and course of work for Defendant, HPL, as employee, agent, servant or

contractor, Planitiff, Victoria M. Van Kanegan, suffered personal injuries, incurred medical expenses, were required to seek medical care, suffered great pain of mind and body, incurred financial obligations, wage loss, as well as other injury, damage and loss, all of which will continue into the future.

28.     Plaintiff, Victoria M. Van Kanegan's injuries are permanent.

## SECOND CLAIM
### (Negligence of HPL Carriers, Inc.)

29.     Plaintiffs restate and reallege each and every allegation contained above as if expressly rewritten herein.

30.     Defendant, HPL, had a duty to act reasonably in hiring and retaining Defendant, Juan Cruz Valdez, and to promulgate and enforce rules and regulations to ensure its drives and vehicles were reasonably safe, including but not limited to, proper training and supervision.

31.     Defendant, HPL, failed in the above mentioned duties and were therefore negligent.

32.     As a direct and proximate result of Defendant, HPL's negligence, Planitiff, Victoria M. Van Kanegan, suffered personal injuries, incurred medical expenses, were required to seek medical care, suffered great pain of mind and body, incurred financial obligations, wage loss, as well as other injury, damage and loss, all of which will continue into the future.

33.     Plaintiff, Victoria M. Van Kanegan's injuries are permanent.

## THIRD CLAIM
### (Vicarious Liability of Utility Trailer Sales Southeast Texas, Inc.)

34.     Plaintiffs restate and reallege each and every allegation contained above as if expressly rewritten herein.

6

35. Defendant, Juan Cruz Valdez, had a duty to operate his semi-truck and trailer in a safe and reasonable manner, and failed to yield the right-of-way to Plaintiff, Victoria M. Van Kanegan.

36. Defendant, Juan Cruz Valdez, failed in the above-mentioned duties and was therefore negligent in the operation of the semi-truck and trailer when he failed to yield at a stop sign and crashed into the vehicle operated by Plaintiff, Victoria M. Van Kanegan.

37. Defendant, Juan Cruz Valdez, was the employee, agent, servant or contractor for Defendant, Utility Trailer. Accordingly, Defendant, Utility Trailer, is vicariously liable for the acts of Defendant, Juan Cruz Valdez.

38. As a direct and proximate result of Defendant, Juan Cruz Valdez's negligence while he was acting in his scope and course of work for Defendant, Utility Trailer, as employee, agent, servant or contractor, Planitiffs, Victoria M. Van Kanegan, suffered personal injuries, incurred medical expenses, were required to seek medical care, suffered great pain of mind and body, incurred financial obligations, wage loss, as well as other injury, damage and loss, all of which will continue into the future.

39. Plaintiff, Victoria M. Van Kanegan's injuries are permanent.

### **FOURTH CLAIM**
### **(Negligence of Utility Trailer Sales Southeast Texas, Inc.)**

40. Plaintiffs restate and reallege each and every allegation contained above as if expressly rewritten herein.

41. Defendant, Utility Trailer, had a duty to act reasonably in hiring and retaining Defendant, Juan Cruz Valdez, and to promulgate and enforce rules and regulations to ensure its drives and vehicles were reasonably safe, including but not limited to, proper training and supervision.

42. Defendant, Utility Trailer, failed in the above mentioned duties and was therefore negligent.

43. As a direct and proximate result of Defendant, Utility Trailer's negligence, Plaintiff, Victoria M. Van Kanegan, suffered personal injuries, incurred medical expenses, were required to seek medical care, suffered great pain of mind and body, incurred financial obligations, wage loss, as well as other injury, damage and loss, all of which will continue into the future.

44. Plaintiff, Victoria M. Van Kanegan's injuries are permanent.

### FIFTH CLAIM
### (Vicarious Liability of John/Jane Doe 1-10)

45. Plaintiffs restate and reallege each and every allegation contained above as if expressly rewritten herein.

46. Defendant, Juan Cruz Valdez, had a duty to operate his semi-truck and trailer in a safe and reasonable manner, and failed to yield the right-of-way to Plaintiff, Victoria M. Van Kanegan.

47. Defendant, Juan Cruz Valdez, failed in the above-mentioned duties and was therefore negligent in the operation of the semi-truck and trailer when he failed to yield at a stop sign and crashed into the vehicle operated by Plaintiff, Victoria M. Van Kanegan.

48. Defendant, Juan Cruz Valdez, was the employee, agent, servant or contractor for Defendant, John/Jane Doe 1-10. Accordingly, Defendant, John/Jane Doe 1-10, is vicariously liable for the acts of Defendant, Juan Cruz Valdez.

49. As a direct and proximate result of Defendant, Juan Cruz Valdez's negligence while he was acting in his scope and course of work for Defendant, John/Jane Doe 1-10, as employee, agent, servant or contractor, Planitiff, Victoria M. Van Kanegan, suffered personal injuries, incurred medical expenses, were required to seek medical care, suffered great pain of mind and

body, incurred financial obligations, wage loss, as well as other injury, damage and loss, all of which will continue into the future.

50. Plaintiff, Victoria M. Van Kanegan's injuries are permanent.

## SIXTH CLAIM
### (Negligence of John/Jane Doe 1-10)

51. Plaintiffs restate and reallege each and every allegation contained above as if expressly rewritten herein.

52. Defendant, John/Jane Doe 1-10, had a duty to act reasonably in hiring and retaining Defendant, Juan Cruz Valdez, and to promulgate and enforce rules and regulations to ensure its drives and vehicles were reasonably safe, including but not limited to, proper training and supervision.

53. Defendant, John/Jane Doe 1-10, failed in the above mentioned duties and was therefore negligent.

54. As a direct and proximate result of Defendant, John/Jane Doe 1-10's negligence, Planitiff, Victoria M. Van Kanegan, suffered personal injuries, incurred medical expenses, were required to seek medical care, suffered great pain of mind and body, incurred financial obligations, wage loss, as well as other injury, damage and loss, all of which will continue into the future.

55. Plaintiff, Victoria M. Van Kanegan's injuries are permanent.

## SEVENTH CLAIM
### (Negligence of Defendant Juan Cruz Valdez)

56. Plaintiffs restate and reallege each and every allegation contained above as if expressly rewritten herein.

9

57. Defendant, Juan Cruz Valdez, had a duty to operate his semi-truck and trailer in a safe and reasonable manner, and failed to yield the right-of-way to Plaintiff, Victoria M. Van Kanegan.

58. Defendant, Juan Cruz Valdez, failed in the above-mentioned duties and was therefore negligent in the operation of the semi-truck and trailer when he failed to yield at a stop sign and crashed into the vehicle operated by Plaintiff, Victoria M. Van Kanegan.

59. As a direct and proximate result of Defendant, Juan Cruz Valdez's negligence, Plaintiff, Victoria M. Van Kanegan, suffered personal injuries, incurred medical expenses, were required to seek medical care, suffered great pain of mind and body, incurred financial obligations, wage loss, as well as other injury, damage and loss, all of which will continue into the future.

60. Plaintiffs Victoria M. Van Kanegan's injuries are permanent. EIGHTH

## EIGHTH CLAIM
### (Consortium)

61. Plaintiffs restate and reallege each and every allegation contained above as if expressly rewritten herein.

62. Plaintiff, Steven Van Kanegan, is, and at all times relevant to the events set forth in this Complaint, was the spouse of Plaintiff, Victoria M. Van Kanegan.

63. As a direct and proximate result of Defendants' negligence, Plaintiff, Steven Van Kanegan, suffered a loss of the companionship, consortium and services of Plaintiff, Victoria M. Van Kanegan, and will suffer a loss of companionship, consortium and services in the future.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants HPL Carriers, Inc. a/k/a HPL Carriers, Utility Trailer Sales Southeast Texas, Inc. and Juan Cruz Valdez, jointly and severally, as follows

A.  Compensatory damages for Plaintiffs, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) plus interest at the legal rate of interest from the date of the incident described above;

B.  Costs of this actions; and

C.  Any remedies his Court deems equitable and just.

>Respectfully submitted,
>**BETRAS, KOPP & HARSHMAN, LLC**
>
> */s/ Brian P. Kopp*
> Brian P. Kopp (0064897)
> Justin A. Markota (0092182)
> 6630 Seville Drive
> Canfield, Ohio  44406
> Telephone: (330) 746-8484
> Facsimile: (330) 702-8280
> Email: bkopp@bhlaws.com
>            jmarkota@bhlaws.com
> *Attorneys for Plaintiffs, Victoria and Steven Van Kanegan*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

> */s/ Brian P. Kopp*
> BRAIN P. KOPP
> JUSTIN A. MARKOTA
> ATTORNEYS FOR PLAINTIFFS

## INSTRUCTIONS FOR SERVICE

Please serve a copy of the foregoing Complaint, along with Summons, upon the Defendant at the address noted in the caption, by certified mail, return receipt requested, and make return according to law, all pursuant to Civ.R. 4.1.

> */s/ Brian P. Kopp*
> BRAIN P. KOPP
> JUSTIN A. MARKOTA
> ATTORNEYS FOR PLAINTIFFS