**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **VICTORIA M. Van KANEGAN, et al.** | ) | **CASE NO.  4:18-cv-00327** |
| | ) | |
| | ) | **JUDGE BENITA Y. PEARSON** |
| **Plaintiffs,** | ) | |
| | ) | |
| | ) | **DEFENDANT/THIRD-PARTY PLAINTIFF,** |
| vs. | ) | **UTILITY TRAILER SALES SOUTHEAST** |
| | ) | **TEXAS, INC.'S, THIRD-PARTY** |
| | ) | **COMPLAINT AGAINST HMC** |
| | ) | **TRANSPORT, INC.** |
| **HPL CARRIERS, INC., aka HPL** | ) | |
| **CARRIERS, et al.** | ) | |
| | ) | ***TRIAL BY JURY DEMANDED*** |
| | ) | ***AND ENDORSED HEREON*** |
| **Defendants,** | ) | |
| | ) | |
| | ) | ***INSTRUCTIONS FOR SERVICE*** |
| vs. | ) | ***ANNEXED HERETO*** |
| | ) | |
| | ) | |
| **HMC TRANSPORT, INC.,** | ) | |
| **c/o Statutory Agent Hector Javier Perez** | ) | |
| **4307 Pan American Blvd.** | ) | |
| **Laredo, TX 78045** | ) | |
| | ) | |
| | ) | |
| **Third-Party Defendant** | ) | |

Now comes Defendant/Third-Party Plaintiff, Utility Trailer Sales Southeast Texas, Inc. ("Utility"), by and through counsel, and pursuant to Rule 14(a) and the Federal Rules of Civil Procedure, states its Third-Party Complaint for negligence, contribution, and indemnification against HMC Transport, Inc. ("HMC" or "Third Party Defendant"), as follows:

## PARTIES

1.      Third Party Plaintiff Utility Trailer is a Texas Corporation, with its principal place of business located in Houston, Texas.  Utility's primary business is the sale, lease and/or finance of equipment for which Utility maintains a license.  Utility is not, and has never been, in the business of transporting goods or hiring drivers for the purpose of transporting goods.

2.      Upon information and belief, Third Party Defendant HMC Transport, Inc., is a Texas Corporation with its principal place of business located in Laredo, Texas.

## FACTS

3.      Utility and HMC are signatories to a certain Lease Agreement dated May 20, 2015, wherein Utility, as Lessor, leased to HMC, as Lessee, a trailer known as 2007 Utility 53X102 Dry Van, Serial No. 1UYVS25377P962412, pursuant to the express terms and provisions contained therein, a true and accurate copy of which is attached hereto and incorporated herein by reference as **Exhibit "A"**.  The subject Lease was and is for equipment only.

4.      Subject to the terms and conditions of the Lease Agreement, HMC, as Lessee, under Rental Conditions, Section 5(c), HMC agreed to:

"comply with all laws and regulations of all state, federal or local governments or agencies which affect the use, operation or maintenance of the equipment and to indemnify and hold harmless Lessor or Lessor's assignee from any and all fines, forfeitures, seizures, penalties and liabilities that may arise from any infringement or violation of any such law or regulation by Lessee or his employees or by any other person, or that may arise from the use, possession, operation or condition of any of the equipment.  Lessee further agrees to indemnify and save harmless Lessor and Lessor's assigns from any and all claims, liens or liability arising from work performed or materials supplied in connection with the operation or maintenance of any of the equipment and from loss of or damage thereto and from and against any loss, penalties and expenses, including attorney's fees, howsoever arising because of, but not limited to, the storage, maintenance, use, repair, loading, unloading or operation, or alleged use or operation of any of the equipment therein or thereon, and therefore Lessor shall have the right to discharge any such lien, claim or encumbrance and upon such discharge Lessee will immediately reimburse Lessor for any cost incurred thereby."  (*See*, **Exhibit "A"**).

5. Subject to the terms and conditions of the Lease Agreement, HMC, as Lessee, under <u>Rental Conditions</u>, Section 5(f), and 5(g), HMC agreed:

"(f) Lessee hereby specifically indemnifies Lessor, and agrees to hold Lessor harmless against all loss and damages Lessor may sustain or suffer due to the loss of or damage to said equipment while in the custody and possession of or under the control of, Lessee because of, but not limited to, the following: (1) Collision . . . . Further, Lessee hereby specifically indemnifies Lessor and agrees to hold Lessor harmless against all loss and damages Lessor may sustain or suffer due to the following: (g) The death of, injury to or damage to the property real or personal of any third person as a result of, in whole or in part, the use or condition of said equipment while in the custody of or possession of, or under the control of, Lessee." (*See*, **Exhibit "A"**).

6. Subject to the terms and conditions of the Lease Agreement, HMC, as Lessee, under <u>Rental Conditions</u>, Section 5(d) HMC agreed:

"Lessee shall not have the right to assign this lease or to sublet, rent or otherwise hire out, or part with possession of any of said equipment to any person, firm, partnership, association or corporation other than Lessor, without the prior written consent of Lessor thereto." (*See*, **Exhibit "A"**).

7. In addition, subject to the terms and conditions of the Lease Agreement, HMC, as Lessee, under <u>Rental Conditions</u>, Section 5(h) and 5(i), HMC agreed to procure and deliver to Lessor at time of delivery of the equipment, and to keep in full force and effect during the entire term of the Agreement,

"a policy or policies of insurance satisfactory to Lessor . . . protecting Lessor against all loss and damages it may sustain or suffer because of any of the above referenced events [including collision and personal injury to third persons]" as well as provide "comprehensive general liability coverage for hold harmless agreements contained herein [.]." (*See*, **Exhibit "A"**).

8. Upon information and belief, on or about February 12, 2016, during the subject Lease Agreement term with HMC, Utility's trailer, known as 2007 Utility 53X102 Dry Van, Serial No. 1UYVS25377P962412, was attached to a semi-truck, that was owned, leased and/or operated by HPL Carriers, Inc., and driven by Defendant, Juan Cruz Valdez, at which time said semi-truck was involved in an automobile accident with Plaintiff, Victoria Van Kanegan, in the

general vicinity of the intersection of State Route 88 and State Route 524 in Farmington Township, Trumbull County, Ohio.

9. At no time material herein was HPL Carriers, Inc., and/or Juan Cruz Valdez, acting as an agent, employee, servant, contractor, independent contractor, or otherwise, for Utility.

10. As a result of the aforementioned automobile accident, Utility has been made a Defendant in litigation filed by Victoria M. Van Kanegan and Steven Van Kanegan in the United States District Court, Northern District of Ohio, Case No. 4:18-cv-00327, wherein Plaintiffs allege a collision occurred and that Plaintiffs sustained personal injury and damage as result thereof.

## COUNT 1

## NEGLIGENCE

13. Defendant/Third Party Plaintiff incorporates all of the allegations contained in Paragraphs 1-10 as if fully rewritten herein.

14. HMC, as Lessee of the subject trailer, and with possession, control, and legal responsibility for the same at the time of the subject accident, maintained a duty to comply with all laws and regulations of all States, including Ohio, which affect the use and operation of the trailer, and on or about February 12, 2016, HMC breached its duty, and said breach was the actual and proximate cause of Plaintiffs' injuries and damages, if any.

15. The negligence of HMC was the actual and proximate cause of Plaintiffs' injuries and damages, if any.

16. As a result of the negligence of HMC, Utility has been named as a Defendant in litigation filed by Victoria M. Van Kanegan and Steven Van Kanegan in the United States District Court, Northern District of Ohio, Case No. 4:18-cv-00327.

## COUNT 2

### CONTRACTUAL INDEMNIFICATION

17. Defendant/Third Party Plaintiff incorporates all of the allegations contained in Paragraphs 1-16 as if fully rewritten herein.

18. Pursuant to the express terms of the Lease Agreement by and between Utility and HMC in effect at the time of the subject accident, a true and accurate copy of which is attached hereto as **Exhibit "A"**, HMC is contractually obligated to indemnify Utility and hold it harmless against all claims for loss and damages being asserted by Plaintiffs, Victoria M. Van Kanegan and Steven Van Kanegan, in the lawsuit styled, <u>Van Kanegan, et al v. HPL Carriers, Inc., et al</u>, United States District Court, Northern District of Ohio, Case No. 4:18-cv-00327, as well as protect Utility against any and all loss and damages it may sustain or suffer as a result of the subject accident and lawsuit.

## COUNT 3

### COMMON LAW INDEMNIFICATION

19. Defendant/Third Party Plaintiff incorporates all of the allegations contained in Paragraphs 1-18 as if fully rewritten herein.

20. Utility furthermore says that the negligent and/or otherwise culpable conduct of Third-Party Defendant, HMC Transport, Inc., was active and primary; that the negligent and/or otherwise culpable conduct of HMC was the direct and proximate cause of Plaintiffs' alleged injuries and damages, and as a direct and proximate result thereof, Utility is entitled to full and complete indemnification from Third-Party Defendant, HMC Transport, Inc., and for any and all monies expended by Utility to compensate, satisfy or otherwise compromise any and all claims

for injury and damages of the Plaintiffs, as a direct and proximate result of the negligence of HMC, including attorney fees and costs expended in this cause of action.

## COUNT 4

## CONTRIBUTION

21. Defendant/Third Party Plaintiff incorporates all of the allegations contained in Paragraphs 1-20 as if fully rewritten herein.

22. While specifically denying that it was negligent in any way, Utility avers that should it be found to be negligent, as alleged in the underlying Complaint, that any negligence of Defendant was joint with that of Defendants, HPL Carriers, Inc., aka HPL Carriers, Juan Cruz Valdez, and Third-Party Defendant, HMC, and as a direct and proximate result thereof, pursuant to Ohio Revised Code Sections 2307.31, 2307.32, and the requisite provisions of applicable Ohio law, Defendant/Third-Party Plaintiff is entitled to contribution from HPL Carriers, Inc., aka HPL Carriers, Juan Cruz Valdez, and Third-Party Defendant, HMC, individually and jointly and severally, for any damages which Defendant is required to pay, and further for an order that Defendant shall only be responsible for any proportionate share of damages attributed to it via adjudication of the Complaint duly filed herein.

**WHEREFORE**, Defendant/Third-Party Plaintiff, Utility Trailer Sales Southeast Texas, Inc., herewith prays that it be granted judgment against Third Party Defendant HMC Transport, Inc., on its claims for negligence, contractual indemnification, common law indemnification, and contribution, for any and all amounts expended by Utility to satisfy or otherwise compromise any and all claims for injury and damages of the Plaintiffs, including attorney fees and costs expended in this cause of action and for such other and further relief as this Court shall deem just, equitable, necessary and proper.

>Respectfully submitted,
>
>**STARK & KNOLL CO., L.P.A.**
>
>*/s/ Christopher A. Tipping, Esq.*
>CHRISTOPHER A. TIPPING, ESQ. (0064914)
>MICHAEL R. FORTNEY, ESQ. (0092325)
>***Attorneys for Defendant/Third-Party Plaintiff,***
>***Utility Trailer Sales Southeast Texas, Inc.***
>3475 Ridgewood Road
>Akron, Ohio 44333
>Phone: (330) 376-3300/Fax: (330) 376-6237
>ctipping@stark-knoll.com
>mfortney@stark-knoll.com

## **JURY DEMAND**

Defendant/Third Party Plaintiff hereby demands a trial by jury on all issues triable by jury in the within action.

>*/s/ Christopher A. Tipping, Esq.*
>CHRISTOPHER A. TIPPING, ESQ. (0064914)
>MICHAEL R. FORTNEY, ESQ. (0092325)
>***Attorneys for Defendant/Third-Party Plaintiff,***
>***Utility Trailer Sales Southeast Texas, Inc.***

## **INSTRUCTIONS FOR SERVICE**

To the Clerk of Court: Please serve a copy of the foregoing Third-Party Complaint, along with Summons, by certified mail, return receipt requested, upon the Third-Party Defendant at the address listed in the caption, and make return according to law, pursuant to Fed. R. Civ. P. 4(h)(1).

>*/s/ Christopher A. Tipping, Esq.*
>CHRISTOPHER A. TIPPING, ESQ. (0064914)
>MICHAEL R. FORTNEY, ESQ. (0092325)
>***Attorneys for Defendant/Third-Party Plaintiff,***
>***Utility Trailer Sales Southeast Texas, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing ***Defendant, Utility Trailer Sales Southeast Texas, Inc.'s, Third-Party Complaint*** was electronically filed through the U.S. District Court, Northern District of Ohio, electronic filing portal, and was sent via electronic mail, this **17th day of May, 2018** to the following counsel of record:

Brian P. Kopp, Esq.
Justin A. Markota, Esq.
Betras, Kopp & Harshman, LLC
6630 Seville Drive
Canfield, OH  44406
bkopp@bhlaws.com
jmarkota@bhlaw.com
***Attorneys for Plaintiffs***

                                      */s/ Christopher A. Tipping, Esq.*
                                      CHRISTOPHER A. TIPPING, ESQ. (0064914)
                                      ***One of the Attorneys for Defendant,***
                                      ***Utility Trailer Sales Southeast Texas, Inc.***

708976/1