

**UTILITY TRAILER SALES SOUTHEAST TEXAS, INC.**
4901 BLAFFER
HOUSTON, TEXAS 77026
P: 713/674-8000 F: 713/674-4186

**LEASE AGREEMENT #**
**77036D**

This lease agreement is made this **20TH** day of **MAY**, 20 **15**, by and between Utility Trailer Sales Southeast Texas, Inc., a Texas corporation with its offices at 4901 Blaffer, Houston, Texas, 77026, Harris County, Texas, hereinafter called "Lessor" and **HMC TRANSPORT INC.** of business at **4307 PAN AMERICAN BLVD**, City of **LAREDO**, **TX 78045**, Called "Lessee"; and Lessor and Lessee, for the consideration herein expressed, mutually agree as follows:

(1) **Equipment:** Lessor hereby leases to Lessee, and Lessee hereby leases from the following equipment.

TRAILER UNIT NO.: **UD28073**
TRAILER MAKE: **2007 UTILITY 53X102 DRY VAN**
TRAILER SERIAL NO.: **1UYVS25377P962412**
MAINE PLATE #: **19-69602**

AGREED EQUIPMENT VALUE: **$17,000.00**

(2) **Rental:** The payments for the use of the aforesaid equipment during the above stated term will be as follows:

PER DAY: **$0.00**  PER WEEK   **$350.00** PER MONTH
PER MILE PLUS          PER REFRIGERATION UNIT RUNNING HOUR

Lessee hereby agrees pay said rental to Utility Trailer Sales Southeast Texas, Inc., Lessor, at its principal office in Houston, Harris County, Texas, said rentals will be paid by Lessee no later than ten (10) days after the date invoice and said payment will continue on the same calendar day of each month thereafter, except that any rental unpaid at time of termination of the lease will be due and payable in full on the termination day of the lease. If Lessee has custody of said equipment for any portion of calendar day, Lessee will be charged for a full calendar day at the rate herein specified.

(3) **Term:** This lease is for the period beginning on the **20TH** day of **MAY**, 20 **15**, and terminating on the **20TH** day of **MAY**, 20 **16**.

(4) **Inspection:** Lessee hereby acknowledges that he, or his duly authorized agent, have inspected the aforesaid equipment and have found same to be in good repair and working condition and suitable for his purpose with the following exception as noted on the attached inspection sheet.

(5) **Rental Conditions:**
(a) This transaction is a lease and not a sale. The parties understand and agree that Lessee does not acquire hereunder, or by payment of said rental, any right, title or interest in or to said equipment, except the right to possess and use said equipment under the terms and conditions provided herein, provided Lessee shall not be in default in performance hereunder. If the registered owner of the equipment as indicated by the equipment registration card is other than the Lessor, then Lessee under this agreement shall become sublessee and be subject and subordinate to the provisions of any written agreement covering this equipment, including the owner's rights of repossession, such agreement being available to the sublessee upon request. Lessor reserves to itself, the right to place upon each unit of equipment leased hereunder, the name of the Lessor as registered owner, and Lessee agrees not to remove said words, or permit or suffer any other person to do so.
(b) The equipment leased hereunder contains a valid license for the state indicated herein. Lessee assumes all responsibility for any and all licenses, titles, permits and other certificates as may be required by law or otherwise for Lessee's lawful operation of said equipment hereunder in any state except the state in which the equipment is already licensed. Lessee agrees that all certificates of title or registration applicable to the equipment leased hereunder shall reflect Lessor's ownership thereof.
(c) Lessee agrees comply with all laws and regulations of all state, federal or local governments or agencies which affect the use, operation or maintenance of the equipment and to indemnify and hold harmless Lessor or Lessor's assignee from any and all fines, forfeitures, seizures, penalties and liabilities that may arise from any infringement or violation of any such law or regulation by Lessee or his employees or by any other person, or that may arise from the use, possession, operation or condition, of any of the equipment. Lessee further agrees to indemnify and save harmless Lessor and Lessor's assigns from any and all claims, liens or liability arising from work performed or materials supplied in connection with the operation or maintenance of any of the equipment and from loss of or damage thereto and from and against an loss, penalties and expenses, including attorney's fees, howsoever arising because of, but not limited to, the storage, maintenance, use, repair, loading, unloading or operation, or alleged use or operation of any of the equipment therein or thereon, and therefore Lessor shall have the right to discharge any such lien, claim or encumbrance and upon such discharge Lessee will immediately reimburse Lessor for any cost incurred thereby.
(d) Lessee shall not have the right to assign this lease or to sublet, rent or otherwise hire out, or part with possession of any of said equipment to any person, firm, partnership, association or corporation other than Lessor, without the prior written consent of Lessor thereto. Lessor shall have the right to assign the lease and/or the rentals reserved hereunder. In the event of any assignment of this lease by Lessor, the assignee shall acquire thereby all rights and remedies possessed by or available to Lessor. Lessee agrees that the equipment leased will not be moved from any location without Lessor's agreement; upon obtaining permission the trailers shall be moved by Lessee or agents or employees of Lessee, each of whom Lessee warrants to be a careful, dependable operator having a currently valid license to operate said equipment, and the power equipment used therewith, as required by law and the trailer, if moved at any time, must be empty of all materials and broom clean.

| LESSOR | LESSEE |
|---|---|
| Utility Trailer Sales Southeast Texas, Inc. | HMC TRANSPORT INC |
| By: _[signature]_ | By: _[signature]_ |
|  | (Authorized Agent's Signature) |
| Address: 4901 Blaffer, Houston, Texas 77026 | BY (print): _[signature]_ |
|  | Address: 4307 PAN AMERICAN BLVD LAREDO, TX 78045 |



EXHIBIT A

**LESSEE HAS READ AND UNDERSTANDS THIS AGREEMENT**

(e) Lessee agrees at Lessee's sole cost and expense, and to lessor's satisfaction, to keep said equipment at all times during the life of this Agreement, in good repair and operating condition and free of any and all liens and encumbrances and to replace with new parts any and all badly worn or broken parts all to Lessor's satisfaction all times occurring within the terms of this Lease. Lessee further agrees that upon termination of this Agreement, by expiration or otherwise, Lessee will return said equipment to Lessor's address hereinabove stated, at Lessee's cost and expense, in the same condition and state of repair as delivered to Lessee hereunder, ordinary wear and tear excepted. Equipment returned with accessories, attachments or other missing items, or equipment requiring repairs of any kind, shall remain leased hereunder without abatement of rent until said replacement or repairs have been made and Lessee has reimbursed Lessor therefore. Lessee shall pay for any damages to or excessive wear of tires caused by loading of equipment beyond either axle weight limitations or unit capacity as indicated by the manufacturer's plate or as specified in this lease. Equipment without hubometer or equipment returned with a broken hubometer will be assessed as prorated per tire usage charge based on 1/32 of an inch tread depth per tire at a rate of $35.00 per 1/32 per tire and shall be billed $35.00 for each 1/32 of an inch in excess thereof. Any equipment leased as storage will be assessed the prorated per tire usage charge for each 1/32 of an inch tread depth used. Lessee shall be liable for immediate replacement of any equipment stolen or totally destroyed, and there shall be no abatement of rental hereunder, until said equipment has been returned to Lessor, properly repairs, replaced or the Lessor it compensated for the replacement value thereof.

(f) Lessee hereby specifically indemnifies Lessor, and agrees to hold Lessor harmless against all loss and damages Lessor may sustain or suffer due to the loss of or damage to said equipment while in the custody or possession of or under the control of, Lessee because of, but not limited to, the following:

(1) Collision
(2) Fire, Lightning and theft, and,
(3) Flood, windstorm, explosion, marine, general average or other casualty.
(4) The failure of Lessee to maintain said equipment as agreed and provided herein.

Further, Lessee hereby specifically indemnifies Lessor and agrees to hold Lessor harmless against all loss and damages Lessor may sustain or suffer due to the following:

(g) The death of, injury to or damage to the property real or personal of any third person as a result of, in whole or in part, the use or condition of said equipment while in the custody of or possession of, or under the control of, Lessee.

(h) Lessee further agrees, at Lessee's cost and expense to procure and deliver to Lessor, simultaneously with or prior to delivery to Lessee of the equipment to be leased hereunder, and keep in full force and effect during, the entire term of this Agreement, a policy or policies of insurance satisfactory to Lessor in all respects including, but not limited to, the insurer and the form and amount of coverage, with premiums prepaid thereon for the term of this Agreement, protecting Lessor against all loss and damages it may sustain or suffer because of any of the above referenced events, with limits of $500,000.00 on each occurrence and $1,000,000.00 aggregate for bodily injury, including, personal injury, and $500,000.00 each occurrence as to property damage liability

(i) The Lessee also agrees to provide comprehensive general liability coverage including contractual coverage for hold harmless agreements contained herein, and certificates of insurance required to be furnished hereunder should so state.

(j) Lessee has inspected the leased equipment as indicated on the attached inspection sheet and Lessee agrees that the condition of said equipment is satisfactory to the Lessee for the Lessee's use. LESSOR MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO THE CONDITION, FITNESS OR MERCHANTIBILTY of any equipment leased hereunder, nor as to any repairs or maintenance thereto.

(k) When the period of lease is in excess of six (6) month, notwithstanding the minimum period stated and herein, the rates shall be subject to adjustment after six (6) months, based upon the all items Consumer Price Index (C.P.I.) for the United States (United States Bureau of Labor Statistics, 1967 base period). For each change or one (1) index point in the CPI, subsequent to the execution date of this agreement, the rate shall be adjusted by factor of .01. Adjustments, if any, as stated above, shall commence at the beginning of the seventh month of the term of this agreement, said adjustments will be based on the most recent C.P.I. Index prior to Lessor invoicing.

(l) During the terms of this lease, Lessor at any time upon seven (7) days prior written notice to Lessee may change any of the rate(s) for the equipment rental or may terminate this lease by requesting the Lessee has return all such equipment to the location described herein, and has paid Lessor all unpaid rents and charges allocable to the returned equipment as herein, provided if Lessee delivers said equipment to a location other than that stated herein at the termination this Agreement for any reason whatsoever. Lessee shall be billed for any cost incurred in returning the equipment to the designated location and said billing shall be due in full immediately upon receipt by Lessee, unless specified otherwise in writing on the billing.

(m) In the event any act or thing required of Lessee hereunder shall not be done and performed in the manner and at the time or times required by this Agreement, Lessee shall thereby be and become in default under the Agreement. Lessor shall thereafter retain said equipment free of all rights of Lessee without any further liability or obligation to redeliver the same to Lessee; and without, to any extent, releasing Lessee for Lessee's covenants, obligations and indemnities provided hereunder, including, but not limited to Lessee's obligations for Payment of the rental provided herein. In the event Lessor shall retake possession of the leased equipment or any part thereof and there shall be at the time of such retaking, in such equipment, any property belonging to Lessee or any third party, the Lessor is authorized to hold such property in Lessor's possession or in public storage at the expense of Lessee for a period of 30 days during which period Lessee or any third party owner may claim the property such to payment of any amounts owed to Lessor hereunder. At the conclusion of the 30 day period, Lessor may sell such property at public or privated sales for any reasonable price without notice and the sale proceeds shall be applied first against any indebtedness owed to Lessor hereunder and the balance shall be remitted to Lessee.

(n) Further Lessee hereby agrees to pay all cost incurred by Lessor to enforce any term, condition or covenant of this lease, including all costs of court and reasonable attorney's fees.

(o) Lessor shall not be liable for any loss of or damage to any property of any kind, type or form stored, loaded, kept, transported, abandoned or left in or upon any equipment leased hereunder, and Lessee does hereby expressly waive any and all claims and demands for said loss or damages, including, but not limited to, loss of profits, or other alleged consequential damages against the Lessor, and Lessee does further agree to save and hold the Lessor free and harmless against any and all such claims and demands of or from any person or third party

(p) Lessee shall not make, suffer or permit any unlawful use or handling of said leased equipment. Lessee shall not, without Lessor's prior written consent thereto, make or suffer any changes, alterations or improvements in or to said leased equipment or remove therefrom any accessories, attachments or other equipment.

(q) The Lessor shall have the right to place and maintain conspicuously on the equipment during the term of this lease the words "Property of Refrigerated Storage Trailer Rental, Inc." and the Lessee shall not remove, obscure, deface, obliterate such inscriptions or permit any other person to do so.

(r) Lessee will indemnify and save Lessor harmless from any loss, cost or expense of any nature and from any liability to any person on account of any damage to person or property arising out of any failure of Lessee to comply in any respect with and perform any of the requirements and provisions of this lease.

(s) The failure of Lessor to insist upon the punctual performance of the covenants of Lessee hereunder, Lessor's failure to exercise any right or remedy available under or upon this Agreement, any failure of Lessor to require payments, as and when due, of any sum owing hereunder, or any extension of credit or forbearance on the part of Lessor, shall not constitute a waiver of any subsequent default hereunder, all demands for payment and performance and all notices of nonpayment under this Agreement are hereby waived by Lessee.

(t) This instrument contains the entire agreement between the parties pertaining to the subject matter hereof. No agreement, representation or understandings not specifically contained herein shall be binding upon any of the parties hereto unless reduced to writing and signed by the parties to be bound thereby. The terms, covenants and conditions and other provisions of this Agreement may hereafter be changed, amended or modified only by an instrument in writing specifically purporting so to do and signed by the parties to be bound thereby. An officer of the corporation of Lessor must sign any amendment, modification or addendum to this lease agreement to be binding on Lessor.

| LESSOR | | LESSEE | HMC TRANSPORT, INC |
|---|---|---|---|
| Utility Trailer Sales Southeast Texas, Inc | | By: | (Authorized Agent's Signature) |
| By: | [signature] | BY (print): | [signature] |
| Address: | 4901 Blaffer, Houston, Texas 77026 | Address: | 4307 PAN AMERICAN BLVD LAREDO, TX 78046 |

**LESSEE HAS READ AND UNDERSTANDS THIS AGREEMENT**

# CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY): 5/28/2015

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

**PRODUCER**
AM Insurance Services
6999 McPherson Rd. Ste 104 & 105
Laredo TX 78041

CONTACT NAME:
PHONE (A/C, No, Ext): 956-284-6533
FAX (A/C, No): 956-284-0265
E-MAIL ADDRESS: ana@aminsurancepro.com

| INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A: UNITED SPECIALTY INS CO | 12537 |
| INSURER B: PENNSYLVANIA MANUFACTURERS ASN INS | 12262 |
| INSURER C: LEXINGTON INS CO | 19437 |
| INSURER D: | |
| INSURER E: | |
| INSURER F: | |

**INSURED**
HMC Transport Inc
4307 Pan American Blvd
Laredo TX 78045

**COVERAGES** CERTIFICATE NUMBER: 1695806207 REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | GENERAL LIABILITY | | | | | | EACH OCCURRENCE | $ |
| | COMMERCIAL GENERAL LIABILITY | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | CLAIMS-MADE OCCUR | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ |
| | | | | | | | GENERAL AGGREGATE | $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER: POLICY PROJECT LOC | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | | | | | | | | $ |
| A | AUTOMOBILE LIABILITY ANY AUTO [X] ALL OWNED AUTOS SCHEDULED AUTOS HIRED AUTOS NON-OWNED AUTOS | Y | | MAT-0003400-30281 | 2/26/2015 | 2/26/2016 | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | UMBRELLA LIAB OCCUR EXCESS LIAB CLAIMS-MADE DED RETENTION $ | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | | | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | | N/A | | | | WC STATU-TORY LIMITS OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| B | Motor Truck Cargo | Y | | 811501-C19999 | 2/26/2015 | 2/26/2016 | $100,000 Limit | $1,000 Ded |
| C | Physical Damage | Y | | 012116845-C19999 | 2/26/2015 | 2/26/2016 | Stated Amount | $1,500 Ded |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES** (Attach ACORD 101, Additional Remarks Schedule, if more space is required)
2007 Utility - 1UYVS25377P962412 - Stated Amount $17,000

**CERTIFICATE HOLDER**
Loss Payee: Utility Trailer Sales SE Texas Inc
P.O. Box 21402
Houston TX 77226

**CANCELLATION**
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

AUTHORIZED REPRESENTATIVE
*Ana Marchan*

© 1988-2010 ACORD CORPORATION. All rights reserved.
ACORD 25 (2010/05) The ACORD name and logo are registered marks of ACORD